UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIVERSIFIED INVESTMENT ADVISORS, INC., <br><br> Plaintiff, <br><br> – against – <br><br> DODY BARUCH AND MARK CHASSEN, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF HOWARD CHASSEN, <br><br> Defendants. | **MEMORANDUM, ORDER, AND JUDGMENT** <br><br> 09-CV-5377 <br><br>  |

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances:**

Robert C. Hiltzik, Hicksville, N.Y., for Dody Baruch.

Anthony S. Danna, Danna & Associates PC, Staten Island, N.Y., for Mark Chassen.

I.   Introduction ................................................................................................................. 2

II.  Facts .............................................................................................................................. 2

III. Procedural History ..................................................................................................... 4

IV.  Law and Application of Law to Facts ..................................................................... 5

   A.   Summary Judgment ............................................................................................ 5

   B.   Designation of Beneficiary .................................................................................. 6

   C.   Waiver ................................................................................................................... 6

   D.   Automatic Revocation of Beneficiary Rights ................................................... 9

V.   Conclusion .................................................................................................................. 10



## I. Introduction

In this interpleader action over an annuity, the result turns on whether the former wife of the deceased waived her right to the proceeds in a separation agreement and divorce decree with appropriate specificity. As demonstrated below, her waiver was sufficiently precise to require the denial of her claims.

## II. Facts

Before his death, Howard Chassen ("Chassen") was a New York school teacher. Cross-claimant Ms. Dody Baruch ("Baruch") married him in 1988. They had no children. The couple separated by agreement dated December 28, 1998. Cross-claimant Mark Chassen, acting as executor of Chassen's estate, is the deceased's son, born of another woman.

Beginning in 1979, as part of his employment, decedent participated in an annuity pension plan regulated by state and federal law. *See* 26 U.S.C. § 403(b) (ERISA). The annuity was administered by interpleading plaintiff, Diversified Investment Advisors, Inc. ("Diversified").

On March 1, 2002, on a distribution request form, Chassen designated Baruch as sole beneficiary, entitling her to 100 percent of the benefits of the annuity's value on his death. He filed no subsequent paperwork revoking this distribution request or substituting a new beneficiary.

Decedent and Baruch executed a modification to their separation agreement in 2004. Under the heading, "Pension Plans," the agreement stated that Baruch "waived" her claim to the annuity. It reads:

> The Wife represents that she is not entitled to receive any pension, retirement, or non-wage compensation benefits during the years of employment.

> The parties acknowledge that the <u>Husband is retired and has acquired pension retirement</u> or non-wage compensation <u>benefits</u>, during his years of employment from the New York State Teacher's Retirement System.
> Simultaneously with the signing of this Agreement, <u>the Wife forever waives any and all claims she may have now or in the future</u> in and <u>to any pension retirement and non-wage compensation which have heretofore accrued or which may hereafter accrue</u> to the Husband.
> The Wife hereby covenants and agrees that <u>she will execute any spousal waivers</u> that may be required under the Pension Reform Act of 1974, the Retirement Equity Act of 1984, or any similar Federal or state statute that is now in effect or may be enacted. . . . <u>This paragraph is intended to substitute for any other statement</u>, prepared form, or document which might be required by any plan, fund, trust administrator, trustee, or similar entity or person, <u>so that each party may receive said benefits as if the parties were never married</u>.

*Id.* at 14–15 (numeration omitted; emphasis added).

Under the heading, "Mutual Release and Discharge of Claims in Estate," the 2004 modified agreement stated,

> [E]xcept as provided herein, the Wife agrees to release, and does hereby release, any and all claims to or upon the property of the Husband, whether real or personal, marital or separate and whether now owned or hereafter acquired. . . . [T]he <u>Wife expressly relinquishes all rights in the estate of the Husband</u> and expressly relinquishes any and all right of election to take any share of the estate of the Husband, as intestacy, including, without limiting the foregoing, any right of election . . . and any and all other right and interest in any real or personal property[.]

*Id.* at 8 (emphasis added). *See also id.* at 19 (agreement made "in full satisfaction of any claims or rights that any parties may have or hereafter set forth"); *id.* (agreement "set forth a fair and equitable distribution of . . . property"); *id.* at 20 ("The Wife . . . acknowledges that she is accepting the property set forth . . . in full satisfaction of any claim to any property of the husband . . . that she may have asserted, or may ever assert); *id.* ("The Wife . . . is waiving and

3

relinquishing any and all rights" to the husband's property). Other provisions stated that the agreement was binding on the parties, *id.* at 27, that it "merge[d] all prior agreements," *id.* at 28, that it was the "complete and entire agreement of the parties," *id.*, that "no oral statement or prior written matter" would be incorporated into it, *id.*, and that the parties relied on no representations other than those expressly set forth. *Id.* at 29.

Decedent and Baruch were divorced by a judgment entered in New York Supreme Court on March 15, 2005. The divorce decree states that the separation agreement and the modified agreement were "incorporated in this judgment by reference, shall survive and shall not be merged in this Judgment." Chassen Mot. Summ. J. Ex. H 2 (judgment of divorce). Decedent and Baruch were ordered "to comply with every legally enforceable term and provision of such Separation Agreements . . . as if such term or provision were set forth in its entirety herein[.]" *Id.* at 2–3.

Baruch contends that after the couple entered into their first separation agreement, decedent "would mention that he had made [her] the beneficiary of the annuity and that he would 'take care of [her].'" Baruch Aff. 2. She added, "Even after we were officially divorced I believe he [orally] mentioned the Annuity to me at least once, as well as informing me that I was still the beneficiary." *Id.*

Chassen died on March 31, 2008 in Aventura, Florida. Mark Chassen was appointed in Florida as executor of the estate.

### III.  Procedural History

Plaintiff Diversified initiated this litigation by filing an interpleader complaint against Baruch and Mark Chassen, in his capacity as executor of the estate, as defendants. In December 2009, the annuity funds at issue, $42,942.48, were deposited in the court. Diversified was then

4

discharged as a party by stipulation. *See* 28 U.S.C. § 2361. The estate filed an answer and cross-claim against Baruch, asserting that it was entitled to the funds. Baruch failed to answer the cross-claim, and a default judgment was entered in the estate's favor by the clerk of court on December 22, 2010. On January 14, 2011, Baruch filed an answer and cross-claim asserting that she was the rightful beneficiary. The default judgment was vacated, and cross-motions for summary judgment were filed.

## IV. Law and Application of Law to Facts

### A. Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Central School District*, 190 F.3d 1, 5 (2d Cir. 1999). Dismissal is warranted when there is no genuine issue as to any material fact after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party appears to have met this burden, the opposing party must produce evidence that raises a question of material fact to defeat the motion. *See* Fed. R. Civ. P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also Delaware & Hudson Ry. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

5

## B. Designation of Beneficiary

A designation of a beneficiary of an annuity is enforceable under New York law if it is not superseded by subsequent instructions consistent with the requirements of the contract. *Cf. McCarthy v. Aetna Life Ins. Co.*, 92 N.Y.2d 436, 440 (N.Y. 1998) ("As a general rule, under . . . New York law, the method prescribed to the insurance contract must be followed in order to effect a change of beneficiary. Such a rule serves the paramount goals of ensuring that . . . proceeds are disbursed consistently with an insured's stated intent and of preventing the courts and parties from engaging in rank speculation regarding the wishes of the deceased.") (citations omitted). A decedent's designation of a former spouse as a beneficiary is enforceable if not affirmatively revoked. *See id.* at 442 (holding that a former spouse was entitled to the proceeds from a life insurance policy over the competing claims of a decedent's estate, despite testamentary language to the contrary). It is undisputed that Chassen took no affirmative steps to communicate to Diversified any desire to change his designation of Baruch as the annuity beneficiary.

## C. Waiver

A divorcee's claims to property of a deceased ex-spouse may be waived as a result of a stipulation in a divorce settlement. *Curly v. Giltrop*, 68 N.Y.2d 651, 654 (N.Y. 1986). "[A] claim of waiver can be asserted against a designated beneficiary if the purported waiver meets certain common-law requirements." *Silber v. Silber*, 99 N.Y.2d 395, 404 (N.Y. 2003) (concerning enforceability of a waiver of retirement benefits under ERISA). Under federal and New York common law, waivers are examined under "a straightforward tripartite test: the waiver must be explicit, voluntary and made in good faith." *Id.* (citing *Manning v. Hayes*, 212 F.3d 866, 874 (5th Cir. 2000)) (discussing federal common law); *see also id.* ("These standards are

6

generally consistent with New York's waiver requirements in similar situations[.]") (citing, *inter alia*, *Doyle v. Sullivan*, 176 A.D.2d 55 (4th Dep't 1991)).

No argument is made that the modified separation agreement was entered into in bad faith or on a non-voluntary basis. Only its explicitness is at issue.

A broadly phrased, umbrella waiver of "claims," "rights," an "estate," or "property" is insufficiently explicit under New York law. *See Eredics v. Chase Manhattan Bank, N.A.*, 100 N.Y.2d 106, 108, 112 (N.Y. 2003) (waiver of "any and all rights . . . to share in the estate of the other party" insufficiently explicit as to a Totten trust). Baruch argues that to be explicit, a waiver must expressly name the instrument to which one's rights are waived. Some authority does suggest that this is the rule. *See Smith v. Pathmark Stores, Inc.*, 57 A.D.3d 759, 760 (2d Dep't 2008) (waiver insufficiently explicit when it did not "expressly reference" a 401k savings plan); *Storozynski v. Storozynski*, 10 A.D.3d 419, 420 (2d Dep't 2004) ("The agreement was insufficient to effect a waiver of the defendant's interests in the life insurance policy and the IRA as neither was specifically mentioned in the agreement[.]").

The *Smith* and *Storozynski* cases are contradicted by the bulk of New York case law on the point. Overwhelming authority supports the proposition that a waiver is sufficiently explicit when it describes a precise category of claims to which rights are waived, without expressly naming a specific instrument. *See, e.g., Curley*, 68 N.Y.2d at 652, 653–654 (covenant "'not [to] make any claim on [decedent's] retirement which is approximately $8,190.00 a year, or any insurances'" was valid waiver) (emphasis omitted); *In re Estate of Sbarra*, 17 A.D.3d 975, 977 (3d Dep't 2005) ("We find that the separation agreement here is sufficiently explicit. It refers to and releases respondent's rights 'as beneficiary' in decedent's 'retirement benefits' and 'life insurance'"); *Valentin v. New York City Police Pension Fund*, 16 A.D.3d 145, 146 (1st Dep't

7

2005) ("[U]navailing . . . is the fact that the agreement did not expressly include a waiver of preretirement death benefits"; valid waiver of "'any rights . . . in . . . pension or retirement benefits'"); *Naginsky v. State Farm Life & Accident Assurance Co.*, 231 A.D.2d 695, 696 (2d Dep't 1996) (valid waiver of "'any benefit or payment payable upon the death of the other party by reason of such parties' . . . life insurance'"); *Doyle*, 176 A.D.2d at 57, 58 (valid waiver of "'any and all rights or interest in the balance of the Annuity(ies) on the life of [decedent]'"); *Gallo v. Gallo*, 786 N.Y.S.2d 736, 737 (N.Y. Surr. 2004) ("[W]hile the separation agreement provides explicit mention of certain categories of property interests, it is silent regarding life insurance. [It] was therefore insufficient to effect a waiver[.]"); *Primerica Life Ins. Co. v. Roemer*, No. 2810/2001, 2003 WL 21709724, at *2 (N.Y. Sup. July 16, 2003) (no waiver when "there [was] no provision whatsoever in the Separation Agreement regarding life insurance"); *In re Estate of Raymond*, No. G-6723, 2001 WL 914266, at *1 (N.Y. Surr. July 6, 2001) (valid waiver of "'proceeds of [decedent's] pension plan'").

The waiver provision in Baruch and Chassen's modified separation agreement is sufficiently precise and explicit. No express reference to the particular annuity at issue is necessary. Baruch waived any rights to Chassen's "pension retirement or non-wage compensation benefits, during his years of employment from the New York State Teacher's Retirement System." Modified Agreement 15. *See also id.* ("[T]he Wife forever waives any and all claims she may have now or in the future in and to any pension retirement and non-wage compensation which have heretofore accrued or which may hereafter accrue to the Husband."); *id.* (agreement was to "substitute for any other statement, prepared form, or document which might be required by any plan").

Because it meets the requirements of explicitness, good faith, and voluntariness, the waiver is enforceable. Notwithstanding decedent's failure to change his designation of Baruch as beneficiary, Baruch waived any right she had to the annuity.

### D. Non-Revocation of Beneficiary Rights

Baruch argues that her rights to the annuity are protected by the version of Section 5-1.4 of New York's Estates, Powers, and Trusts Law that was in force at the time of Chassen's death. That law provided that "registration in beneficiary form of any security by an owner on behalf of his or her spouse . . . is revoked at the dissolution of the marriage." EPTL § 5-1.40 (2006) (current version at EPTL § 5-1.4 (2008)). It made no reference to annuities, pensions, or retirement plans. *See generally id.* The current version of the statute, effective July 7, 2008, states that "a divorce . . . revokes any revocable . . . disposition or appointment of property made by a divorced individual to . . . the former spouse, including . . . a . . . beneficiary designation . . . in a pension or retirement benefits plan." EPTL § 5-1.4 (2008) (numeration omitted).

She contends that the current Section 5-1.4 changed the law by automatically revoking the rights of a designated beneficiary upon divorce, implying that prior law required a precise revocation by reference to a specific annuity. *See* Letter from Sen. John A. DeFrancisco, Senator, New York 50th Dist., to Kristin Rosenstein, New York State Legislative Secretary's Office (July 8, 2008) (Baruch Mot. Summ. J. Ex. H 000007) ("This legislation will harmonize any inconstancies in the current application of New York law and make it clear that upon divorce these revocable dispositions are revoked for all legal purposes."). In Baruch's view, because Chassen died on March 31, 2008, before the enactment of the new law, his designation of his ex-wife as beneficiary is not subject to automatic revocation and is insufficiently precise.

9

Neither the prior nor the current version of EPTL § 5-1.4 provides for invalidation of explicit waivers of beneficiaries' rights. In the absence of such a provision, neither the prior nor the current statutory scheme controls a case such as the one at hand. Here Baruch has executed a precise, explicit, and valid waiver of her rights. Baruch's remaining arguments have no merit and need not be addressed.

## V. Conclusion

Because cross-claimant Dody Baruch waived her rights to the annuity, her motion for summary judgment is denied. Cross-claimant Mark Chassen's motion on behalf of his father's estate for summary judgment is granted.

The Clerk of the Court shall enter an appropriate judgment. Funds in the custody of the court shall be distributed to Mark Chassen, as executor, by the Clerk of Court.

No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 24, 2011
Brooklyn, New York